**SOUTHERN ELECTRIC SUPPLY COMPANY, Inc., a corp., Plaintiff,**

v.

**RAYBON BROTHERS, INC., a corporation, Prichard Concrete Company, Inc., a corporation; and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, a Corporation, Defendants.**

**Civ. A. No. 4372–66.**

United States District Court
S. D. Alabama, S. D.
July 10, 1969.

Herman H. Ross, Florence, Ala., Alvin McConnell, Mobile, Ala., for plaintiff.

Thomas R. Elliott, Jr., Birmingham, Ala., for National Union Fire Ins. Co.

W. R. Favre, Jr., Mobile, Ala., for remaining defendants.

## ORDER

PITTMAN, District Judge.

Jurisdiction in this cause is based on diversity of citizenship. Plaintiff is a Mississippi corporation. Defendants Raybon Bros., Inc., a corporation, and Prichard Concrete Co., Inc., a corporation, are Alabama corporations with offices doing business in Mobile County, Alabama. The defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania, a corporation, is a Pennsylvania corporation. The amount in controversy is in excess of $10,000.00.

## PLAINTIFF'S CONTENTIONS

The plaintiff contends in February 1964, defendant Raybon, as a contractor, made a contract in writing with Chateau DeVille, Huntsville, (Owners) for construction of an apartment building in Huntsville consisting of 160 units. The contract was for $1,183,000.00 which is attached to the complaint. On the same day the defendant Raybon, as principal contractor, and defendant National Union, as surety, entered into a contract in which the National Union became surety for the Owners for the performance of defendant, Raybon, under what is commonly known as a performance bond. The bond is attached to the complaint.

During the period of October 24, 1964 —March 2, 1965, plaintiff Southern Electric sold and delivered to the apartment premises materials which were used in the apartments in the amount of $45,658.46, for which a balance of $10,-433.78 plus interest to April 6, 1966, has not been paid, totaling $10,988.84. Since that date interest is claimed at 6%.

Assignor Southern Pipe, during the period November 20, 1964–April 13, 1965, sold and delivered to the apartment premises materials which were used in the apartments in the amount of $17,578.46. There is claimed a balance due in the principal amount of $2,273.-54, plus interest to April 6, 1966, in the amount of $120.85, totaling $2,394.30.

Southern Pipe assigned this balance to plaintiff Southern Electric, which is included in the amount claimed in this suit.

The following are the alternative allegations and prayers:

(a) Plaintiff and assignor sold and delivered the materials on the order of the defendant Prichard.

(b) Defendant Prichard acted as agent for its undisclosed principal defendant Raybon. (Court has ruled this claim is not good as to the defendant National Union.)

(c) Defendant Raybon acted by its agent defendant Prichard in making the purchases.

(d) Defendant Raybon was doing business under the name of defendant Prichard.

(e) Defendant Prichard was a nominal business entity and operated under the guise of defendant Prichard for defendant Raybon. (Court has ruled relief cannot be had against defendants National Union and Raybon.)

(f) Defendants Raybon and Prichard joint venturers and both were the purchasers. (Court has held no recovery can be had against defendants Raybon and National Union.)

(g) Plaintiff sub-contractor of defendant Raybon. (Court has ruled no recovery can be had against defendants Raybon and National Union.)

The plaintiff seeks under at least one of the above alternatives to establish a

contract with defendant Raybon which would make the defendant National Union liable to plaintiff under its performance bond.

Plaintiff seeks a total of $13,383.25 plus interest on the principal sum included therein, namely $12,707.32, at the rate of 6% from April 6, 1966.

## DEFENDANTS RAYBON AND PRICHARD CONTENTIONS

Each defendant claims he is a separate legal entity doing business separately and one corporation was not responsible for the other corporation's liabilities.

Defendant Prichard admits it had a contract with the plaintiff and plaintiff's assignor and that the materials under the contracts were delivered and used in the apartments but that any judgment should only be against the defendant Prichard.

Both defendants contend Prichard was a sub-contractor of Raybon and that the defendant National Union would not be liable.

The defendants deny any agency in any of the alternative claims which the plaintiff seeks relief in its complaint as last amended (b.–g. inclusive).

The defendant Prichard claims it had an oral contract with the plaintiff whereby plaintiff would furnish all materials at competitive prices and not to exceed $25,000.00. Defendant Prichard further claims that it has paid the plaintiff $52,161.65 and demands judgment for $27,161.65 in a counter suit for the excess over $25,000.00.

## DEFENDANT NATIONAL UNION

It is contended the performance contract with the owners only bonded defendant Raybon in the performance of its contract with the Owners and since the plaintiff and its assignor's contracts were with sub-contractors of defendant Raybon it cannot be held liable to this plaintiff and denies all alternative averments seeking recovery against it.

Defendant National Union further contends that the plaintiff and assignor recognized their contracts with the defendant Prichard in that in Madison County, Alabama, they filed liens and suits to enforce the liens claiming contracts with defendant Prichard. They then entered into an agreement settling those claims with the understanding that this lawsuit would be brought seeking recovery of the balance against defendants Raybon and National Union, and if they failed, or if judgments were obtained and not satisfied, the Owners would pay the balance due.

## STIPULATIONS AND UNCONTESTED FACTS

The material claimed was delivered and used in the construction of the apartments during the periods alleged.

The amount sued for is correct.

All merchandise was invoiced, charged and delivered to defendant Prichard. All bookkeeping entries in connection with the account are in the name of defendant Prichard.

In the liens and suits filed to enforce them in Madison County, plaintiff's and assignor's claims were made against defendant Prichard.

All payments made to plaintiff and its assignor were made on defendant Prichard's checks and payable against defendant Prichard's accounts. Plaintiff received two checks totaling $10,661.58 and its assignor received checks totaling $10,000.00.

The assignment to plaintiff Southern Electric by Southern Pipe of its account against defendant Prichard is valid.

The performance bond or surety contract attached to the complaint is valid.

The contract attached to the complaint between the Owners and defendant Raybon is the true contract.

Defendant Raybon was incorporated March 14, 1960, in Alabama, to do business as a general contractor. Defendant Prichard was incorporated December 22,

1962, in Alabama, to do business "to pour concrete."

At the time of the subject transaction 66% of defendant Prichard's stock was owned by the Raybon brothers. Two of the officers of defendant Raybon were officers of defendant Prichard. Allen Thomas, president of defendant Prichard, was a son-in-law of one of the Raybon brothers. Defendant Prichard was incorporated after Allen Thomas married into the family.

The president of plaintiff's assignor had previously done business with defendant Raybon at the time of its dealing with defendant Prichard, and has since that time done business with defendant Raybon, and then knew of the existence of both companies. At that time he was an officer of the plaintiff corporation.

When bills in excess of $25,000.00 were sent to defendant Prichard, no objections were made by them as to the correctness nor that they exceeded any existing agreement.

Neither the plaintiff or its assignor, at the time liens and suits were filed to collect the accounts in Madison County, claimed their contracts were with the defendant Raybon.

### FINDINGS OF FACT IN ADDITION TO AGREED OR UNCONTESTED FACTS

The plaintiff Southern Electric and its assignor, Southern Pipe, entered into contracts with the defendant Prichard to furnish electric and plumbing materials respectively for the Chateau DeVille apartment project in Huntsville, Alabama.

The defendant Raybon was a general contractor with Chateau DeVille (Owners). The Owners entered into a contract with the defendant National Union who became a surety for the performance of the general contractor and defendant Raybon. This surety bond provided that National Union would save harmless the Owners for any materials furnished *by sub-contractors having direct contract with defendant Raybon.*

The court finds that there was not a contract between the defendant Prichard and plaintiff or its assignor, that the materials to be furnished would not exceed $25,000.00, but that the agreement was the prices would be competitive. The court finds the prices were reasonable and competitive.

Defendants Prichard and Raybon occupy space in the same building, but the offices are separate and they have separate bookkeeping systems, separate telephone, and separate bookkeeping and/or secretarial help.

It is clear that the negotiations were had on the job site between Allen Thomas, president of Prichard Concrete, in the name of Prichard and on behalf of defendant Prichard. The plaintiff's assignor made a credit check with Dunn and Bradstreet, banks, and other sources of defendant Prichard before the first delivery was made. The Dunn and Bradstreet reports indicated favorable credit on behalf of the defendant Prichard.

All invoices, bookkeeping entries, and letters of collection were addressed to Prichard, and even though the Raybon brothers individually were asked to sign notes, at no time was the defendant Raybon called upon to pay the bills nor to accept liability for them.

Defendant Raybon's president supervised its activities at the job site.

The evidence is insufficient to justify that the (1) defendant Prichard acted as an agent for an undisclosed principal, or (2) defendant Raybon in these transactions was acting by or through its agent Prichard in making these transactions, or (3) defendant Raybon was doing business under the name of defendant Prichard, or (4) defendant Prichard was a nominal entity and operated under a guise for the defendant Raybon, or (5) that the defendants Raybon and Prichard were joint venturers in the negotiations, purchase, or receipt of the materials furnished.

It is agreed and the court finds that the defendant Prichard is indebted to the plaintiff in the amount of $15,871.-64. It is therefore ordered, adjudged, and decreed that a judgment is hereby entered for the plaintiffs and against the defendant Prichard in the amount of $15,871.64, together with costs.

The court finds for the defendants Raybon Bros., Inc., National Union Penn., and Fire Insurance Company of Pittsburgh.